```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America,       :

      Plaintiff,             :

  v.                             :   Case No. 2:06-cr-0102(2)

Arnulfo Zarazua-Espino,         :   JUDGE GRAHAM

      Defendant.             :

## DETENTION ORDER

The above defendant appeared before the Court on April 18, 2006 for a detention hearing.  At the conclusion of the hearing, he was ordered detained pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was indicted along with two other individuals on April 6, 2006, and charged with conspiracy to possess with intent to distribute and to distribute over 500 grams of methamphetamine.  The United States' request for detention was based primarily upon the presumption created by the indictment, together with additional information in the Pretrial Services Report.  This case is judged under the following standard.

<u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to

> believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

According to the Pretrial Services Report, although the defendant has resided in the United States for 19 years, he is a citizen of Mexico and is not in this country legally.  He has no criminal history.  He has been employed for the past six or seven years at two restaurants in Columbus.  His siblings reside in Mexico.  His only relative in the United States is a co-defendant in this case.

Given the presumption created by the indictment and the fact that the defendant is not legally in the United States, the Court did not believe that any release conditions would adequately address a risk of flight.  The Court further understands that a detainer is likely to be placed against the defendant by the Immigration and Customs Enforcement Agency.  Under these circumstances, the defendant was ordered detained without bond.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18

U.S.C. §3145(b).

                                                <u>/s/ Terence P. Kemp</u>
                                                United States Magistrate Judge